# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS B. SANCHEZ,<br><br>    Plaintiff<br><br>v.<br><br>JAMES J. FOLEY, MICHAEL A. SWEET and<br>DANIEL T. PURTELL,<br><br>    Defendants. | Civil No. 15-10120-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                          September 13, 2018

### I.   Introduction

After a four-day trial of claims brought by Plaintiff Luis B. Sanchez ("Sanchez") against Defendants James J. Foley, Michael A. Sweet and Daniel T. Purtell (collectively, "Defendants"), each defendant renews his motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 and for a new trial under Fed. R. Civ. P. 59.  D. 92, 93, 94.  For the reasons stated below, the Court DENIES Defendants' motions, D. 92, 93, 94.

### II.  Relevant Background

This case proceeded to trial on Sanchez's six claims against the Defendants.  Five of those claims were against all Defendants (Foley, Sweet and Purtell):  Section 1983 claim for use of excessive force (First Claim); violation of the Massachusetts Civil Rights Act ("MCRA") (Second Claim): assault and battery (Third Claim); intentional infliction of emotional distress (Fourth Claim); and civil conspiracy (Fifth Claim).  D. 84.  Sanchez's last claim was asserted only against Foley:  malicious prosecution (Sixth Claim).  D. 84.  At trial, the jury found Foley liable on all six

1

claims and found Sweet and Purtell liable only on the Fifth Claim, civil conspiracy. Id. At the close of Sanchez's case at trial (and again after the close of all evidence), Defendants moved for judgment as a matter of law as to certain counts, including the civil conspiracy claim, D. 77-77, which the Court denied, reserving on any such motions being renewed after verdict. D. 83. The Defendants now renew their motions as to all of counts, respectively, for which they were found liable.

### III. Discussion

#### A. The Evidence at Trial Supports the Verdict Regarding Civil Conspiracy

As Defendants acknowledge, the standard for prevailing on a motion under Fed. R. Civ. P. 50 is demanding. In considering such motion, the "evidence and inferences reasonably to be drawn therefrom are considered in the light most favorable to the non-movant." Andrade v. Jamestown Housing Auth., 82 F.3d 1179, 1186 (1st Cir. 1996). "A verdict may be directed only if the evidence, viewed from this perspective, 'would not permit a reasonable jury to find in favor of the plaintiff on any permissible claim or theory.'" Id. (quoting Murray v. Ross-Dove Co., 5 F.3d 573, 576 (1st Cir. 1993)). Having considered the evidence in this light and Defendants' motions, the Court concludes that this standard has not been met as to the verdict against Defendants for civil conspiracy.

The bulk of evidence presented at trial by Sanchez concerned the allegations of excessive use of force by the troopers in the aftermath of his arrest. Although the jury found Sweet and Purtell not liable on the substantive Section 1983 claim for excessive use of force, it found Foley liable for this claim. There was sufficient evidence for them to do so. The jury heard evidence, that they could have reasonably credited, that during the booking process, Sanchez (who was having the process translated by an interpreter on the phone) indicated that he did not understand

his rights and soon thereafter, Trooper Foley took hold of him (testimony of Mr. De Leon and Mr. Waugh); that en route to the holding cell, while being escorted by Foley and the other troopers, Sanchez's head was jammed into the door jamb (testimony of Mr. De Leon and Dr. Chirkov); and that he sustained injury while in the holding cell (Sanchez is heard on the audiotape saying "he killed me, he killed me" and begging for help), and that, under the circumstances, Foley, acting in his capacity as a law enforcement officer, acted intentionally or with reckless disregard of Sanchez's right to be free from the use of excessive force in his use of unreasonable force against Sanchez that day.

Similarly, there was evidence to support the jury's finding that all three defendants were liable for civil conspiracy and such verdict is not inconsistent with the jury instructions that the Court gave the jury. For the conspiracy claim, the Court properly instructed the jury that the elements for this claim included a common agreement between the Defendants to violate Sanchez's civil rights on January 31, 2012; an overt act in furtherance of the conspiracy; and that Plaintiff was actually deprived of his civil rights. As discussed above, a reasonable jury could have found such overt act (for one example, the excessive use of force by Foley). Defendants contest that there was sufficient showing of the requisite agreement between them to violate Sanchez's civil rights. As the jury was instructed, such agreement need not be an express one and can be shown by circumstantial evidence. Such showing was made here. Although there was no explicit agreement alleged or shown between the Defendants, the jury heard circumstantial evidence of the Defendants acting in concert in subduing Sanchez during the booking process (testimony of Sanchez, De Leon and Waugh), taking him toward the cell and heard evidence that contradicted the three Defendants' testimony that only Foley entered the cell with Sanchez (testimony of Deleon, Waugh and Sgt. Bernstein) which jury could have relied upon to disbelieve

Defendants' testimony that only Foley entered the cell, that only Foley was present when he fell and Foley's testimony that Sanchez's injury to his head was accident when he fell into the toilet in the cell. See, e.g., Jury Charge (instructing that "[i]f a witness is shown to have given inconsistent statements concerning any material matter, you have a right to distrust that witness's testimony in other respects. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves). Based upon the totality of evidence presented at trial and drawing all reasonable inferences in favor of the jury's verdict, the Court concludes that there is no basis to reverse that verdict or allow a new trial as to the conspiracy claim against the Defendants.

**B.     Jury's Verdict as to the Other Claims Against Foley Also Shall Stand**

The Court comes to the same conclusion as to all of the other claims for which the jury found Foley singularly liable. As discussed above, there was a reasonable basis in evidence for the jury to have found Foley liable for the Section 1983 claim for use of excessive force (First Claim). Similarly, the jury could have reasonably found that the same conduct violated the MCRA (Second Claim) where it was by threats, intimidation or coercion. See D. 96 at 13-15. The jury could have reasonably believed that Sanchez's injury was caused by Foley's conduct, namely that he intended to cause Sanchez harmful or offensive contact and did make such contact in a harmful or offensive manner or put Sanchez in imminent apprehension or fear of bodily harm and that a reasonable person in Sanchez's position would have been placed in such imminent apprehension or fear (Third Claim); and that with Foley's intentional conduct, he knew or should have known that it would cause Sanchez emotional distress, that such conduct was extreme and outrageous under all of the circumstances presented and it did cause Sanchez extreme emotional distress (as evidenced by the audiotape and Sanchez's own testimony and medical records) (Fourth Claim). Finally, the jury reasonably found Foley liable for malicious prosecution for charging Sanchez

4

with resisting arrest. There was evidence (namely, observations by De Leon and Sanchez's own testimony and the audiotape) about Foley's reaction to (an intoxicated) Sanchez's indication of a lack of understanding of his rights during the booking process to suggest that this criminal charge was motivated by an improper motive, was not supported by probable cause and that the charge terminated in Sanchez's favor (since it was dismissed). Accordingly, the Court finds no basis to reverse the verdict or allow a new trial as to the other claims for which Foley was found liable.

## IV. Conclusion

For all of the foregoing reasons, the Court DENIES Defendants' motion for JMOL or new trial, D. 92, 93, 94.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge