UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LUIS B. SANCHEZ, | ) | |
| Plaintiff | ) | |
| v. | ) | 1:15-cv-10120-DJC |
| Massachusetts Police Officers JAMES J. FOLEY, MICHAEL A. SWEET, and DANIEL T. PURTELL, | ) | |
| Defendants | ) | |

**PLAINTIFF'S MOTION FOR AMENDMENT OF JUDGMENT SETTING AMOUNTS OF PRE- AND POST-JUDGMENT INTEREST**
[Fed. R. Civ. P. 52 (b)]

Now comes the plaintiff and he respectfully requests this Honorable Court to provide for pre- and post-judgment interest applicable to its awards in this matter by entry of the following:

1. Order amending Judgment of October 19, 2017, [D.85] as amended August 2, 2019, [D.120] *pro nunc tunc* holding defendants jointly and severally liable to the plaintiff for $234,326.23 in compensatory damages, attorney fees and costs, and pre-judgment and post-judgment interest, with $8.92 in additional post-judgment interest to accrue daily from October 20, 2020, to the date of payment;

2. Order amending [D.125][1] for plaintiff's appellate attorney fees and costs *pro nunc tunc* holding the defendants jointly and severally liable to the plaintiff for $72,539.06 in appellate attorney fees and costs with interest accruing at a rate of .136 percent, 27 cents per day, from 8/18/20, the date of [D.122] Judgment of the Court of Appeals for the First Circuit dismissing defendants' appeal, to the date of payment.

---

[1] An assented motion is being filed herewith to correct an error in the amount of this award caused by a scrivener's error in D.123, motion for award of appellate attorney fees and costs; the correct figure of $72,539.06 is used herein.

Plaintiff also requests the Court to retain ancillary jurisdiction of this matter until judgment is satisfied.

In support thereof plaintiff states he is the prevailing party in this Section 1983 action for excessive force and ancillary claims against the defendant police officers. D.1, complaint; D.85., Judgment. As set forth herein he is entitled to pre-judgment interest on his compensatory damages award and to post-judgment interest on awards for damages, prejudgment interest, and for attorney fees and costs.

As to the first of the two orders requested, pursuant to a jury Verdict the original Judgment provided $78,000 in compensatory damages to the plaintiff with pre-judgment interest of 12 per cent. D.85. This interest accrued from the date of filing to the date of judgment. M.G.L. c. 231, § 6B. Post judgment interest accrues on the plaintiff's awards pursuant to 28 U.S.C. § 1961(b). The interest rate, as determined according to the statute, is noted on the Judgment. D.85. The statute also provides for annual compounding of post-judgment interest.

Interest on awards of attorney fees and costs accrues from the date of the merits judgment under which a party becomes entitled to an award of attorney fees and costs. Under the rule observed in this District, such interest "is to accrue as of the date of the merits judgment entitling the prevailing party to attorney's fees." *Haddad Motor Group, Inc. v. Karp, Ackerman, Skabowski & Hogan, P.C.*, 716 F.Supp.2d 161, 162 (D.Mass.2010); *Fryer v. Fire*, 758 F.Supp.2d 29, 33 (D. Mass. 2010).

Under this standard the second proposed order would provide for post-judgment interest on [D.125] the award of appellate attorney fees and costs accruing from the date of [D.122] the Appeals Court Judgment under which plaintiff became entitled to that award. Based on the statutory standard for determination of the interest rate from financial market data published by the Federal Reserve,

plaintiff believes the applicable rate is 0.136 percent, or 27 cents per day, accruing from the appellate judgment date of August 18, 2020, up to the date of payment. [2]

Below plaintiff sets forth for the Court's consideration his calculations of the pre- and post-judgment interest amounts requested.

| Date | Description | Amount |
|---|---|---|
| 1/16/15 | suit filed; D.1 | |
| 10/19/17 | Judgment D. 85; | $ 78,000.00 |
| | Per judgment and M.G.L. c. 231, § 6B, pre-Judgment interest @ 12%, filing date to Judgment date, 0.0328767 % daily rate X 1,006 days: | 25,797.70 |
| | Total Judgment & pre-Judgment interest: | 103,797.70 |
| 8/2/19 | Amended Judgment for attorney fees & costs | 121,022.61 |
| | Total post-judgment principal 10/19/17: | 224,820.31 |
| | Interest @ 1.39%, D.85, from Judgment date, Compounded annually, 28 U.S.C. § 1961(b): Principal & interest 10/19/18: $ 227,945.31 Principal & interest 10/19/19: $231,113.75 Principal & interest 10/19/20: $234,326.23 | 234,326.23 |
| | Plus interest @ 1.39%, $9.65 daily, from 10/19/20 to date of payment | |
| 8/18/20 | Judgment, USCA, D.122 | |
| 10/22/20 | Award of appellate attorney fees & costs, D. 125 (as corrected this date via assented motion) | 72,539.06 |
| | Interest @ 0.136%, 27 cents daily, from judgment date to date payment: | 21.60 |

---

[2] *See:*
https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15&series=bf17364827e38702b42a58cf8eaa3f78&lastobs=&from=08/10/2020&to=08/14/2020&filetype=csv&label=include&layout=seriescolumn&pp=Format. Select "1-year Treasury constant maturity;" Viewed 11/6/2020.

Plaintiff therefore requests the Court to find that pre- and post- judgment interest has accrued to its damages and fees and costs awards as set forth herein and to enter the orders requested above, or to enter amended judgment according to such calculations or revisions of the plaintiff's calculations as the Court may see fit to make.

Plaintiff also requests the Court to maintain ancillary jurisdiction of this case because it will serve the interests of justice to have available "a mechanism for the trial courts to bring cases to closure while retaining jurisdiction to enforce a settlement for a period of time after the closure is announced." *Pratt v. Philbrook*, 109 F.3d 18, 21 n. 5 (1st Cir. 1997). *See also, United States v. Brooks,* 145 F.3d 446, 456 (1st Cir. 1998), *Neroni v. Becker,* 609 Fed. Appx. 690, 693 (2d Cir. 2015).

WHEREFORE, plaintiff respectfully requests that the motion be allowed and that the Court enter the findings and amended Judgment requested herein and that it maintain jurisdiction to assure satisfaction of its judgment.

        Respectfully submitted,

        Luis B. Sanchez, plaintiff
        By his attorneys,

        /s *Robert A. Scott*
        Hector E. Pineiro BBO#555315
        Robert A. Scott BBO# 648740
        Law Office of Hector E. Pineiro PC
        807 Main Street
        Worcester, MA 01610
        508.770.0600

DATED: November 6, 2020

CERTIFICATE OF CONSULTATION

I, Robert A. Scott, certify that on November 5, 2020, I informed opposing counsel of the substance of the within motion and requested consultation as to any issues the parties might be able to resolve or narrow. As of the time of filing I have received no response and conclude that counsel did not decline to consult but that in good faith given the nature of the motion they had no reason to do so.

/s *Robert A. Scott*
Robert A. Scott